**CIRCUIT COURT OF THE CITY OF NORFOLK**

Arthur Rines,
t/a Party Time Productions, Inc.

v.

WMYK-K94 Radio
and Terri Michelle

February 24, 1987

Case No. L86-1372

By JUDGE JOHN W. WINSTON

In his Motion for Judgment as Amended, plaintiff Rines alleges the existence of a contract requiring defendants to promote an April 1, 1986, concert he was producing. Instead of promoting the concert as contracted, the defendant on April 1, 1986, announced that the concert had been cancelled. The announcement was false and unauthorized.

In his First Cause of Action, plaintiff claims compensatory damages for this breach of contract. In his Second Cause of Action, he asserts that this announcement amounted to an independent wilful tort which qualified for the award of punitive damages. And in his Third Cause of Action, plaintiff asserts a cause of action for the intentional infliction of emotional distress caused by the cancellation announcement and asks a further award of compensatory damages.

The single act of an unauthorized cancellation is the foundation from which plaintiff's various damage claims stem. Because that act occurred during the existence of and in connection with the contractual relationship between

the parties, the principles of *Kamlar Corp. v. Haley*, 224 Va. 699 (1983), apply and control.

Thus plaintiff is entitled to seek compensation for his reasonably foreseeable pecuniary losses caused by any breach of his contract.

And he may seek in a separate count punitive damages as well, provided he identifies an independent, wilful tort, beyond the mere breach of a duty imposed by the contract, as the predicate for such damages, regardless of the motives of the defendants underlying that breach. The breach itself must amount to such independent wilful tort. In so doing, plaintiff must also set out proper factual allegations of malice, wantonness, or oppression.

But plaintiff is not entitled to seek damages for the negligent infliction of emotional distress under the factual allegations of this case. For the principles found in *Womack v. Eldridge*, 215 Va. 338 (1974), and in *Naccash v. Burger*, 223 Va. 406 (1982), are not applicable in any case originating in a contract between the litigation parties.

Defendants' Demurrers are therefore overruled as to the First Cause of Action, and sustained as to the Second and Third Causes of Action, all as presently amended.

Plaintiff is granted leave to amend the Second Cause of Action within fifteen days from the entry of this Court's order, if he be so inclined.

Plaintiff is denied leave to amend the Third Cause of Action.

Defendants shall further respond to Plaintiff's final Amended Motion for Judgment within thirty days after entry of this Court's order.

Finally, defendants are granted that same thirty days after such Order is entered to respond to plaintiff's discovery, unless it is served on them less than twenty-one days before that deadline, in which event twenty-one days will be separately allowed defendants to respond.